### UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

CORNELL WADE BRUNSON SR., an individual,

CASE NO.: 3:22-CV-00127

Plaintiff,                                                  Judge Brian J. Davis

vs.

PHH MORTGAGE CORPORATION d/b/a NewRez,
EXPERIAN INFORMATION SOLUTIONS, INC., and
TRANS UNION, LLC,

Defendants.

_____/

### DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT

Defendant Experian Information Solutions, Inc. ("Experian") answers Plaintiff Cornell Wade Brunson Sr.'s ("Plaintiff") Amended Complaint as follows. Experian admits that Plaintiff's pleading purports to be an Amended Complaint for violations of the Fair Credit Reporting Act ("FCRA"), but denies that Experian violated the FCRA. Except as expressly stated, Experian denies each and every allegation in Plaintiff's Amended Complaint. Experian's specific responses to the numbered allegations are set forth below.

### INTRODUCTION

1.    This case is an example of PHH Mortgage Corporation's long-standing failure to follow common sense in regard to consumer mortgages. The Defendant PHH continues to this day to attempt to collect on and bill for a mortgage which is ten years gone, resulting in the general abuse of Mr. Bronson's peace and financial wellbeing.

**ANSWER:** In response to this Paragraph, Experian states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

2.     PHH may claim that it had every right to continue reporting a mortgage which had not been in Mr. Brunson's name for *ten years* and to continue to send him junk mail in the form of the servicer's sought-after "required disclosures." However, in doing so, it would merely demonstrate the company's glee in harassing the consumer. That is where Plaintiff's claims lie.

**ANSWER:** In response to this Paragraph, Experian states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

## JURISDICTION

3.     This is an action for damages that exceed thirty thousand dollars ($30,000) exclusive of attorney fees and costs.

**ANSWER:**  In response to this Paragraph of the Complaint, Experian states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

4.     Jurisdiction and venue for purposes of the action arc proper pursuant to Fla. Stat. §559.77 and Fla. Stat.§ 48.193(l)(a)(l), (6).

**ANSWER:**  In response to this Paragraph of the Complaint, Experian admits that Plaintiff has alleged jurisdiction based on Fla. Stat. §559.77 and Fla. Stat.

§48.193(l)(a)(l), (6). Except as expressly admitted, Experian denies, generally and specifically, each and every allegation contained therein.

5.   At all material times herein, Defendants' conduct complained of occurred in Duval County, Florida.

**ANSWER:**  In response to this Paragraph, Experian admits only that it is qualified to and does do business in the State of Florida. Except as expressly admitted, Experian, denies, generally and specifically, each and every allegation contained therein.

6.   At all material times herein, the Defendants engaged in their usual and customary business within Florida and Duval County, Florida.

**ANSWER:** In response to this Paragraph, Experian admits only that it is qualified to and does do business in the State of Florida. Except as expressly admitted, Experian, denies, generally and specifically, each and every allegation contained therein.

7.   The action arises out of repeated violations of the Florida Consumer Collection Practices Act ("FCCPA"), Section 559.55 et seq. of the Florida Statutes, and the FCRA by the Defendant PHH and its agents in their illegal efforts to collect a consumer debt from the Plaintiff.

**ANSWER:**  In response to this Paragraph, Experian admits that Plaintiff has alleged violations of the Florida Consumer Collection Practices Act ("FCCPA") and the FCRA against PHH.  Experian further states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

8.      In addition, this action arises out of Defendants Experian and Trans Union's failures to conform to the reasonable procedures set out in the Fair Credit Reporting Act when Plaintiff disputed a balance that was not owed to Defendant PHH and the credit bureaus failed to perform a reasonable investigation and remove or update the information as required on Plaintiff's credit report.

**ANSWER:** In response to this Paragraph, Experian denies all allegations contained therein relating to Experian. With respect to allegations against other Defendants, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies them.

## GENERAL ALEGATIONS

9.      At all material times herein, Plaintiff was a natural person who resided in Duval County, Florida and is a "consumer" as that term is defined by Florida Statute Section 559.55(8) and a "consumer" as defined by 15 U.S.C. § 1681a (c) of the FCRA.

**ANSWER:** In response to this Paragraph, Experian states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

10.     Defendant PHH is a creditor and mortgage servicer operating from Mount Laurel, NJ and is a "creditor" as that term is defined by Section 559.55(5) and is a "furnisher of information" to consumer reporting agencies as provided in the FCRA, 15 U.S.C. § 1681s-2.

**ANSWER:** In response to this Paragraph, Experian states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

11.    Defendant Experian is a consumer reporting agency as defined in 15 U.S.C. § 1681a(f) of the FCRA, regularly engaged in the business of assembling, evaluating, and disseminating information concerning consumers of the purpose of furnishing consumer reports. EXPERIAN disburses such consumer reports to third parties under contract for monetary compensation.

**ANSWER:**  In response to this Paragraph, Experian admits that it is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and, as such, issues consumer reports as defined by 15 U.S.C. § 1681a(d) to third parties in exchange for financial compensation.

12.    Defendant Trans Union is a consumer reporting agency as defined in 15 U.S.C. § 1681a(f) of the FCRA, regularly engaged in the business of assembling, evaluating, and disseminating information concerning consumers of the purpose of furnishing consumer reports. TRANS UNION disburses such consumer reports to third parties under contract for monetary compensation.

**ANSWER:** In response to this Paragraph, Experian states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

13.    At all material times herein, Defendant PHH attempted to collect a debt, specifically for a mortgage on a home that had already been sold, actively foreclosed upon, and was included in bankruptcy ("the Debt").

**ANSWER:** In response to this Paragraph, Experian states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

14.    In addition, Defendant PHH continued to report a mortgage debt on Plaintiffs credit report, despite the fact that the mortgage had been foreclosed and was included in bankruptcy.

**ANSWER:** In response to this Paragraph, Experian states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

15.    At all material times herein, the Debt is a consumer debt obligation resulting from a transaction for goods or services and incurred primarily for personal, household, or family use.

**ANSWER:** In response to this Paragraph, Experian states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

16.    At all material times herein, Defendant is a "person" subject to Florida Statutes, Section 559.72.   See Florida Statutes, Sections 559.55(5),(7); *Schauer v. General Motors Acceptance Corp.,* 819 So. 2d 809 (Fla. 4th DCA 2002).

**ANSWER:** In response to this Paragraph, Experian states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

17.    At all material times herein, Defendant PHH's conduct, with respect to the Debt complained of below, qualifies as "communication" as defined by Florida Statutes, Section 559.44(2).

**ANSWER:** In response to this Paragraph, Experian states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

18.    At all material times herein, Defendants acts themselves or through their agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third party vendors and insurers.

**ANSWER:**  In response to this Paragraph, Experian admits that it is a corporation and, as such, acts through various employees and agents. Except as expressly admitted, Experian denies all allegations in this paragraph.

## RELEVANT FACTS

19.    In June 2006, Plaintiff executed a mortgage and note on his home at 4441 Loveland Pass Drive East, Jacksonville, FL, 32210 which at all relevant times was serviced  by Defendant PHH.

**ANSWER:** In response to this Paragraph, Experian states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

20.    This mortgage began being reported on Plaintiff's credit following execution.

**ANSWER:**  In response to this Paragraph, Experian states that Paragraph 20 is vague in that it does mentioned where this reporting occurred and who was doing the reporting. Thus, Experian states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and,

on that basis, denies, generally and specifically, each and every allegation contained therein.

21.    In February 2017, the property was quitclaimed to TJM MAC, LLC.

**ANSWER:** In response to this Paragraph, Experian states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

22.    In October 2017, Plaintiff left his home at 4441 Loveland Pass Drive East due to foreclosure.

**ANSWER:** In response to this Paragraph, Experian states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

23.    On January 8, 2018, Plaintiff and his wife, Felecia Lafay Brunson filed a petition for relief through counsel, Bryan K. Mickler, Esq. under Title 11, Chapter 13 Voluntary Bankruptcy of the United States Bankruptcy Code in the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division in Case **3:18-bk-00038-PMG**.   The Plaintiff included Defendant in their bankruptcy petition.  Shortly thereafter, the servicer at the time, Ocwen Loan Servicing, LLC was notified by the bankruptcy court.

**ANSWER:**  In response to this Paragraph, Experian admits only that Plaintiff and Felecia Lafay Brunson filed for Chapter 13 bankruptcy in the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division, Case 3:18-bk-00038-PMG on January 8, 2018. Except as expressly admitted, Experian denies all allegations contained in this Paragraph.

24.   On or about March 16, 2018, Deutsche Bank National Trust, the holder of the original mortgage, filed a claim with the bankruptcy court.

**ANSWER:** In response to this Paragraph, Experian states that Plaintiff's bankruptcy record speaks for itself and denies all allegations inconsistent therewith.

25.   On or about August 16, 2018, the Trustee for the bankruptcy court agreed to Plaintiff's Chapter 13 Plan, disallowing Deutsche Bank's mortgage claim from payment.[1]   The mortgage servicer, at the time, Ocwen, had this information.  ***See Exhibit A.***

**ANSWER:**  In response to this Paragraph, Experian admits only that on August 16, 2018, the bankruptcy court issued an order confirming Plaintiff's Chapter 13 plan. With respect to the remaining allegations, Experian states that Plaintiff's bankruptcy record speaks for itself and denies all allegations inconsistent therewith.

26.   Following this claim denial, Ocwen Loan Servicing merged with PHH Mortgage Corporation.

**ANSWER:** In response to this Paragraph, Experian states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

27.   Following the Chapter 13 plan, and during the Plaintiff's bankruptcy, Defendant has been sending billing statements demanding payment of the mortgage, despite that:  **(1)** Plaintiff abandoned the property in 2017; (2) Plaintiff is in an active bankruptcy and a party to the active foreclosure on the property; and (3) Plaintiff's bankruptcy plan specifically disallowed the

_____

[1] A disallowed claim, pursuant to the Bankruptcy Code, does not receive distribution during a Chapter 13.

claim over two years ago.  ***(See Exhibit B – 9/16/2020 Mortgage Statement).***

**ANSWER:** In response to this Paragraph, Experian states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

28.   Exhibit B is clearly a demand for payment and states:

    a.   Delinquency Notice

    b.   "Payment Due Date:  10/1/2020

    c.   Past Due Payments:  $24,997.24

    d.   Total Amount Due as of 9/16/2020 $41,864.95

    e.   Accelerated Amount:  $112,375.80

**ANSWER:**  In response to this Paragraph, Experian states that Exhibit B speaks for itself, and on that basis denies any allegations of this Paragraph inconsistent therewith. With respect to any remaining allegations, Experian states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

29.   Defendant may claim these statements are "for informational purposes" but this is clearly contradicted by the plain language of the collection communications.  Not only did these collection communications include a due date, past due fee, payment address and a detachable payment coupon but Defendant includes late fees.

**ANSWER:** In response to this Paragraph, , Experian states that it is without knowledge or information sufficient to form a belief as to the truth of the

allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

## **TILA EXEMPTION FROM INFORMATIONAL STATEMENTS**

30.    Defendant may claim these collection letters are "periodic billing statements" required pursuant to TILA and Regulation Z but Defendant is not correct as TILA does not preempt compliance with the FCCPA and additionally 12 CFR 1026.41(5) states that "A servicer is exempt from the requirements of this section for a mortgage loan while the consumer is a debtor in bankruptcy under Title 11 of the United States Code."

**ANSWER:** In response to this Paragraph, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph of the Complaint and, on that basis, denies them.

31.    Specifically, 12 CFR 1026.41 states:

Except as provided in paragraph (e)(5)(ii) of this section, a servicer is exempt from the requirements of this section with regard to a mortgage loan if:

(A) Any consumer on the mortgage loan is a debtor in bankruptcy under title 11 of the United States Code or has discharged personal liability for the mortgage loan pursuant to 11 U.S.C. 727, 1141, 1228, or 1328; **and**

(B) With regard to any consumer on the mortgage loan: . . . (2) The consumer's bankruptcy plan provides that the consumer will surrender the dwelling securing the mortgage loan, provides for the avoidance of the lien securing the mortgage loan, or otherwise does not provide for, as applicable, the payment of pre-bankruptcy arrearage or the maintenance of payments due under the mortgage loan; (3) A court enters an order in the bankruptcy case providing for the avoidance of the lien securing the mortgage loan, lifting the automatic stay pursuant to 11 U.S.C. 362 with regard to the dwelling securing the mortgage loan, or requiring the servicer to cease providing a periodic statement or coupon book; or (4) The consumer files with the court overseeing the bankruptcy case a statement of intention pursuant to 11 U.S.C. 521(a) identifying an intent to surrender the dwelling securing the mortgage loan and a consumer

has not made any partial or periodic payment on the mortgage loan
after the commencement of the consumer's bankruptcy case.

**ANSWER:**  In response to this Paragraph, Experian states that 12 CFR 1026.41 speaks for itself, and on that basis denies any allegations of this Paragraph inconsistent therewith.

32.   Simplified, the consumer must be in a bankruptcy and the bankruptcy plan (or petition) provides for either (a) surrendering the dwelling securing the mortgage; (b) providing for avoidance of the lien; or (c) not providing for payment of the lien; or a bankruptcy court enters an order providing a similar action.

**ANSWER:** In response to this Paragraph, Experian states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

33.   On August 16, 2018, the Court signed off on Plaintiff's bankruptcy plan that *did not provide for payment of the mortgage* and specifically disallowed it. ***See Exhibit A.***

**ANSWER:** In response to this Paragraph, Experian states that Plaintiff's bankruptcy plan speaks for itself and denies any allegations inconsistent therewith.

34.   The plan states as follows:   "DEUTSCHE BANK NATIONAL TRUST COMPANY . . . Secured  $82,562.77  $0.00  $0.00  Claim Notes:   Claim Disallowed." ***See Exhibit A, p. 10.***

**ANSWER:** In response to this Paragraph, Experian states that Plaintiff's bankruptcy plan speaks for itself and denies any allegations inconsistent therewith.

35.     Plaintiff has met the requirements of TILA 12 CFR 1026.41 for a bankruptcy exemption of Defendant PHH sending statements for "informational purposes."

**ANSWER:** In response to this Paragraph, Experian states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

36.     Defendant had no basis under TILA to send these statements as if its hands were tied by the regulations.

**ANSWER:** In response to this Paragraph, Experian states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

## FAIR CREDIT REPORTING ACT CLAIMS

**A.      STATUTORY STRUCTURE OF THE FCRA**

37.     Congress enacted the FCRA to require the consumer reporting agencies to adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information. 15 U.S.C. § 1681b.

**ANSWER:** In response to this Paragraph, Experian admits only that this paragraph purports to describe findings made by the United States Congress. Experian states that such findings speak for themselves and denies any and all allegations inconsistent therewith.

38.  Under the FCRA, whenever a consumer reporting agency prepares a consumer report, it shall follow reasonable procedures to assure maximum accuracy of the information concerning the individual about whom the report relates.  15 U.S.C. § 1681e(b) (emphasis added).

**ANSWER:**  In response to this Paragraph, Experian admits that this paragraph accurately describes the FCRA 15 U.S.C. § 1681e(b). Except as expressly admitted, Experian denies, generally and specifically, each and every allegation contained therein.

39.  Under the FCRA, if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer, and the consumer notifies the agency directly of such dispute, the agency shall reinvestigate—free of charge—and report the current status of the disputed information, or delete the item from before the end of the 30-day period beginning on the date on which the agency receives the notice of dispute from the consumer.  15 U.S.C. § 1681i(a).

**ANSWER:**  In response to this Paragraph, Experian admits that this paragraph accurately describes the FCRA, 15 U.S.C. § 1681i(a). Except as expressly admitted, Experian denies, generally and specifically, each and every allegation contained therein.

40.  Under the FCRA, when a consumer reporting agency conducts any reinvestigation with respect to disputed information in the file of any consumer, the consumer reporting agency shall review and consider all relevant information submitted by the consumer.  15 U.S.C. § 1681i(a)(4).

**ANSWER:**  In response to this Paragraph, Experian admits that this paragraph accurately describes the FCRA, 15 U.S.C. § 1681i(a)(4). Except as expressly admitted, Experian denies, generally and specifically, each and every allegation contained therein.

41.     Under the FCRA, if, after any reinvestigation of any information disputed by a consumer, an item of information is found to be inaccurate or incomplete or cannot be verified, the consumer reporting agency shall promptly delete that item of information from the consumer's file or modify that item of information, as appropriate, based on the results of the reinvestigation.  15 U.S.C. § 1681i(a)(5).

**ANSWER:**  In response to this Paragraph, Experian admits that this paragraph accurately describes the FCRA, 15 U.S.C. § 1681i(a)(5)(i). Except as expressly admitted, Experian denies, generally and specifically, each and every allegation contained therein.

42.     Under the FCRA, after a furnisher of information receives notification pursuant to §1681i(a)(2) of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the furnisher shall (A) conduct an investigation with respect to the disputed information; (B) review all relevant information provided by the consumer reporting agency pursuant to § 1681i(a)(2) of this title; (C) report the results of the investigation to the consumer reporting agency; and (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis.  15 U.S.C. § 1681s-2(b).

**ANSWER:**  In response to this Paragraph, Experian admits that this paragraph accurately describes the FCRA, 15 U.S.C. § 1681s-2(b). Except as expressly admitted, Experian denies, generally and specifically, each and every allegation contained therein.

43.     Under the FCRA, any person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer, is liable to that consumer:  in an amount equal to the sum of any actual damages sustained by the consumer as a result of the failure; statutory damages of not less than $100 and not more than $1,000; such amount of punitive damages as the court may allow; and the costs of the action together with reasonable attorneys' fees.  15 U.S.C. § 1681n.

**ANSWER:** In response to this Paragraph, Experian admits that this paragraph accurately describes the FCRA, 15 U.S.C. § 1681n. Except as expressly admitted, Experian denies, generally and specifically, each and every allegation contained therein.

44.   Under the FCRA, any person who is negligent in failing to comply with any requirement imposed under this subchapter with respect to any consumer, is liable to that consumer **in** an amount equal to the sum of any actual damages sustained by the consumer as a result of the failure and the costs of the action together with reasonable attorney's fees.15 U.S.C. § 1681o.

**ANSWER:** In response to this Paragraph, Experian admits that this paragraph accurately describes the FCRA, 15 U.S.C. § 1681o. Except as expressly admitted, Experian denies, generally and specifically, each and every allegation contained therein.

**B.   RELEVANT FCRA FACTS**

45.   Sometime in June or July 2006, the Mortgage Debt began reporting on Plaintiff's credit report.

**ANSWER:** In response to this Paragraph, Experian states this allegation in Paragraph 45 are vague, in that it is not clear whether Plaintiff is referring to a credit report sent to a third party or a consumer disclosure sent to Plaintiff. In addition, Paragraph 45 does not specific which credit reporting agency's credit report is being referred to. Thus, Experian states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

46.     The Debt was discharged in Plaintiff's bankruptcy on May 6, 2021. ***See Discharge at Exhibit B, attached.***

**ANSWER:** In response to this Paragraph, Experian admits only that Plaintiff's bankruptcy debt was discharged on May 6, 2021. Except as expressly admitted, Experian denies, generally and specifically, each and every allegation contained therein.

47.     Following discharge, Plaintiff found that the Mortgage Debt of over $120,000 was still reporting on his credit.

**ANSWER:** In response to this Paragraph, Experian states it is unclear whether Plaintiff is referring to a credit report sent to a third-party or a consumer disclosure sent to Plaintiff. Plaintiff further does not specify any specific date for the alleged reporting. Thus, Experian states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

48.     Defendant PHH had full knowledge that Plaintiff was discharged and that he did not owe PHH Mortgage *any balance whatsoever*.

**ANSWER:** In response to this Paragraph, Experian states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

49.     On or about August 11, 2021, Plaintiff sent a dispute letter to credit bureaus Equifax, Experian, and Trans Union, explaining the inaccurate reporting and providing the bankruptcy discharge information. ***See Exhibit C, FCRA Dispute Letter***.

**ANSWER:** In response to this Paragraph, Experian admits that it received a dispute letter from Plaintiff dated August 11, 2021 explaining the inaccurate reporting and providing the bankruptcy discharge information. With respect to the letters sent to the other bureaus, Experian states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

50.    Experian received the dispute on August 16, 2021. ***See Exhibit D***.

**ANSWER:** In response to this Paragraph, Experian admits that it received the dispute letter on or about August 16, 2021.

51.    Trans Union received the dispute on August 18, 2021. ***See Exhibit E.***

**ANSWER:** In response to this Paragraph, Experian states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

52.    Equifax, upon receiving the dispute, properly reinvestigated the disputes and updated the Plaintiff's credit reports to reflect a zero balance on the PHH mortgage account. Experian and Trans Union did not, as evidenced by Plaintiff's most recent credit reports. ***See Exhibit F.***

**ANSWER:** In response to this Paragraph, Experian denies all allegations in this paragraph pertaining to Experian. With respect to any remaining allegations, Experian states that it is without knowledge or information sufficient to form a

belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

53. After receiving the FCRA Dispute Letter, Defendant Experian investigated the PHH account, but, upon information and belief, failed to conduct a reasonable investigation of the account with regard to the information provided both by the consumer and by the furnisher.

**ANSWER:** In response to this Paragraph, Experian admits only that Experian investigated the PHH account. Except as expressly admitted, Experian denies, generally and specifically, each and every allegation contained therein.

54. After receiving the FCRA Dispute Letter, Defendant Trans Union investigated the PHH account, but, upon information and belief, failed to conduct a reasonable investigation of the account with regard to the information provided both by the consumer and by the furnisher.

**ANSWER:** In response to this Paragraph, Experian states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

55. Upon information and belief, Defendant PHH failed to conduct a reasonable investigation in response to Defendant Experian's ACDVs pursuant to the FCRA and failed to properly update inaccurate information to the credit bureau, despite having already done so with two other bureaus.

**ANSWER:** In response to this Paragraph, Experian states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

56.     Plaintiff has been damaged by the Defendants' unwillingness to properly investigate and update his credit reporting, even when the furnisher had notice and two other credit bureaus had properly updated their records.

**ANSWER:** In response to this Paragraph, Experian denies, generally and specifically, each and every allegation contained therein that pertain to Experian. With respect to allegations against the remaining Defendants, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

57.     When Plaintiff disputed the account, Defendant Experian was required to perform a reinvestigation; however, the Defendant did not properly reinvestigate the dispute and continued to report the erroneous credit information with actual knowledge of errors, in violation of the FCRA.

**ANSWER:** In response to this Paragraph, Experian admits only that it was required to and did perform a reinvestigation. Except as expressly admitted, Experian denies all allegation contained in this Paragraph.

58.     When Plaintiff disputed the account, Defendant Trans Union was required to perform a reinvestigation; however, the Defendant did not properly reinvestigate the dispute and continued to report the erroneous credit information with actual knowledge of errors, in violation of the FCRA.

**ANSWER:** In response to this Paragraph, Experian states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

59.     When Plaintiff disputed the account, Defendant PHH was required to perform a reinvestigation; however, Defendant PHH continued to report the

erroneous credit information with actual knowledge of errors, in violation of the FCRA.

**ANSWER:** In response to this Paragraph, Experian admits only that PHH was required to perform a reinvestigation when Plaintiff disputed the account. With respect to the remaining allegations, Experian states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

60. As a result of Defendants' credit reporting of the inaccurate information on Plaintiff's credit reports, Plaintiff was denied two credit cards, among other damages.

**ANSWER:** In response to this Paragraph, Experian denies, generally and specifically, each and every allegation contained therein.

61. Plaintiff retained undersigned counsel for purpose of pursuing this matter against Defendants and Plaintiff is obligated to pay his attorneys a reasonable fee for their services.

**ANSWER:** In response to this Paragraph, Experian states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

62. All necessary conditions precedent to the filing of this action occurred or have been waived by the Defendants.

**ANSWER:** In response to this Paragraph, Experian states that it is without knowledge or information sufficient to form a belief as to the truth of the

allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

## CLAIMS FOR RELIEF

### COUNT I:
### VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT Section 559.55 et seq., Fla. Stat.
### (CORNELL BRUNSON, SR.)

63.   Plaintiff, CORNELL BRUNSON, SR. re-alleges and incorporates Paragraphs one (1) through sixty-one (61) above as if fully stated herein.

**ANSWER:**  In response to this Paragraph, Experian incorporates by reference its responses to the above paragraphs as though fully restated herein.

64.   Defendant violated the provisions of, Florida Statutes Section 559.72(9) by attempting to collect the debt with knowledge that the Debt is not legitimate or asserting the existence of the legal right with the knowledge that the right does not exist.

**ANSWER:**  In response to this Paragraph, Experian states that Paragraph is vague and ambiguous because it refers to "Defendant" without specifying which of the named defendants to which it applies. Thus, Experian denies, generally and specifically, each and every allegation contained therein.

65.   Defendant possessed actual knowledge of Plaintiff's Bankruptcy Case, the foreclosure case, and actual knowledge that the mortgage was disallowed from the bankruptcy plan.

**ANSWER:**  In response to this Paragraph, Experian states that Paragraph is vague and ambiguous because it refers to "Defendant" without specifying which of the named defendants to which it applies. Thus, Experian denies, generally and specifically, each and every allegation contained therein.

66.   Plaintiff had abandoned his mortgage entirely to Defendant prior to the bankruptcy and is still currently in bankruptcy completing his Chapter 13 plan.  However, Defendant insists on attempting to collect on his account.

**ANSWER:**  In response to this Paragraph, Experian states that Paragraph is vague and ambiguous because it refers to "Defendant" without specifying which of the named defendants to which it applies. Thus, Experian denies, generally and specifically, each and every allegation contained therein.

67.   By continuing to dunn Plaintiff for a debt that he does not owe, the Defendant is, was subject to, and has violated provisions of Fla. Stat. §559.72:

a.   "... or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family." Fla. Stat. §559.72(7); and

b.   "Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist." Fla. Stat. §559.72(9).

**ANSWER:**  In response to this Paragraph, Experian states that Paragraph is vague and ambiguous because it refers to "Defendant" without specifying which of the named defendants to which it applies. Thus, Experian denies, generally and specifically, each and every allegation contained therein.

68.   Defendant's illegal and abusive collection communications and activities as more fully described above were the direct and proximate cause of emotional distress on the part of Plaintiff and caused him unnecessary personal strain in his relationships, as well as with other family members.

**ANSWER:** In response to this Paragraph, Experian states that Paragraph is vague and ambiguous because it refers to "Defendant" without specifying which of the

named defendants to which it applies. Thus, Experian denies, generally and

specifically, each and every allegation contained therein.

69.   Plaintiff has suffered actual damages because of these illegal collection
      communications and activities by the Defendant in the form of anger,
      anxiety, emotional distress, fear, frustration, upset, humiliation,
      embarrassment, amongst other negative emotions, as well as suffering from
      unjustified and abusive invasions of personal privacy.

**ANSWER:**  In response to this Paragraph, Experian states that Paragraph is vague

and ambiguous because it refers to "Defendant" without specifying which of the

named defendants to which it applies. Thus, Experian denies, generally and

specifically, each and every allegation contained therein.

70.   As a result of Defendant's violations of the FCCPA, Plaintiff is entitled to
      actual damages and statutory damages in an amount up to $1,000.00 and
      reasonable attorney's fees and costs pursuant to Section 559.77 from
      Defendant.

**ANSWER:**  In response to this Paragraph, Experian states that Paragraph is vague

and ambiguous because it refers to "Defendant" without specifying which of the

named defendants to which it applies. Thus, Experian denies, generally and

specifically, each and every allegation contained therein.

71.   Additionally, due to Defendant's disregard for the law, Plaintiff CORNELL
      BRUNSON, SR. reserves his right to pursue punitive damages and/or
      equitable relief via Fla. Stat. § 559.77(2).

**ANSWER:**  In response to this Paragraph, Experian states that Paragraph is vague

and ambiguous because it refers to "Defendant" without specifying which of the

named defendants to which it applies. Thus, Experian denies, generally and

specifically, each and every allegation contained therein.

**WHEREFORE,** Plaintiff prays that judgment be entered against Defendant:

- for an award of actual damages pursuant to Section 559.77 against Defendant and for Plaintiffs;

- for an award of statutory damages of $1,000.00 per claim pursuant to Section 559.77 against Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to Section 559.77 against Defendant and for Plaintiff; and

- for such other relief as this Court deems just and proper.

**ANSWER:**  In response to this Paragraph, Experian states that Paragraph is vague and ambiguous because it refers to "Defendant" without specifying which of the named defendants to which it applies. Thus, Experian denies, generally and specifically, each and every allegation contained therein.

## COUNT II
## CLAIMS AGAINST DEFENDANT EXPERIAN
## FOR VIOLATIONS OF THE FCRA
## 15 U.S.C. § 1681 *et seq.*

72.   Plaintiff incorporates Paragraph 1 – 61 above as fully stated herein.

**ANSWER:**  In response to this Paragraph, Experian incorporates by reference its responses to the above paragraphs as though fully restated herein.

73.   Defendant Experian willfully and/or negligently failed to put in place procedures to properly reinvestigate consumer claims of inaccuracy in credit reports.

**ANSWER:** In response to this Paragraph, Experian denies, generally and specifically, each and every allegation contained therein.

74.   Defendant Experian willfully and/or negligently ignored the information provided to it by Plaintiff and by the results of the other inaccurate account investigations.

**ANSWER:** In response to this Paragraph, Experian denies, generally and specifically, each and every allegation contained therein.

75. Defendant Experian willfully and/or negligently refused to properly reinvestigate Plaintiff's consumer report, even though Plaintiff disputed it.

**ANSWER:** In response to this Paragraph, Experian denies, generally and specifically, each and every allegation contained therein.

76. Defendant Experian willfully and/or negligently violated 15 U.S.C. § 1681e (b).

**ANSWER:** In response to this Paragraph, Experian denies, generally and specifically, each and every allegation contained therein.

77. Defendant Experian willfully and/or negligently violated 15 U.S.C. § 1681i(a)(1).

**ANSWER:** In response to this Paragraph, Experian denies, generally and specifically, each and every allegation contained therein.

78. Defendant Experian willfully and/or negligently violated 15 U.S.C. § 1681i (a)(4).

**ANSWER:** In response to this Paragraph, Experian denies, generally and specifically, each and every allegation contained therein.

79. Defendant Experian negligently and/or willfully failed to properly consider and give due weight to all relevant information submitted by Plaintiff in the course of the reinvestigation, in violation of the FCRA, 15 U.S.C. § 1681 (a)(4).

**ANSWER:** In response to this Paragraph, Experian denies, generally and specifically, each and every allegation contained therein.

80.     Defendant Experian willfully and/or negligently violated 15 U.S.C. § 1681i (a)(5).

**ANSWER:** In response to this Paragraph, Experian denies, generally and specifically, each and every allegation contained therein.

81.     Defendant Experian has negligently and/or willfully failed to conduct a proper reinvestigation of the trade lines in violation of the FCRA, 15 U.S.C. §§ 1681i, 1681(n) and/or 1681(o).

**ANSWER:** In response to this Paragraph, Experian denies, generally and specifically, each and every allegation contained therein.

82.     Defendant Experian's actions in violating the FCRA constituted negligent and/or willful noncompliance with the FCRA and entitles Plaintiff to actual damages, statutory damages, and attorney's fees and costs as enumerated in 15 U.S.C. §§ 1681n and/or 1681o.

**ANSWER:** In response to this Paragraph, Experian denies, generally and specifically, each and every allegation contained therein.

83.     Defendant Experian's conduct was a direct and proximate cause, as well as a substantial factor, in causing serious injuries, damages and harm to Plaintiff as stated herein, and as a result, Defendant Experian is liable to compensate Plaintiff for the full amount of statutory and actual damages, along with attorney's fees and costs, as well as such other relief as permitted by law.

**ANSWER:** In response to this Paragraph, Experian denies, generally and specifically, each and every allegation contained therein.

84.     Additionally, the court may award punitive damages under 15 U.S.C. § 1681n.  Plaintiff will seek to amend the Complaint to seek same if discovery shows punitive damages may be proper.

**ANSWER:**  In response to this Paragraph, Experian admits only that a court may award punitive damages under 15 U.S.C. § 1681n. Except as expressly admitted,

Experian denies, generally and specifically, each and every allegation contained

therein.

**WHEREFORE,** Plaintiff prays that the Court grant the following relief in favor of Plaintiff and against Defendant EXPERIAN:

- For actual damages;

- For compensatory damages;

- For statutory damages;

- For attorney's fees and costs incurred in this action;

- For an Order directing that Defendant immediately delete all of the inaccurate information from Plaintiff's credit reports and files and cease reporting the inaccurate information to any and all persons and entities to whom they report consumer credit information; and;

- For such other and further relief as the Court may deem just and proper.

**ANSWER:** In response to this unnumbered Paragraph, including all of its

subparts, Experian admits only that Plaintiff has so demanded. Except as expressly

admitted, Experian denies, generally and specifically each and every allegation

contained therein.

### COUNT III
### CLAIMS AGAINST DEFENDANT TRANS UNION
### FOR VIOLATIONS OF THE FCRA
### 16 U.S.C. § 1681 *et seq.*

85.     Plaintiff incorporates Paragraph 1 – 61 above as fully stated herein.

**ANSWER:**  In response to this Paragraph, Experian incorporates by reference its

responses to the above paragraphs as though fully restated herein.

86.     Defendant Trans Union willfully and/or negligently failed to put in place procedures to properly reinvestigate consumer claims of inaccuracy in credit reports.

**ANSWER:** In response to this Paragraph, Experian states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

87.   Defendant Trans Union willfully and/or negligently ignored the information provided to it by Plaintiff and by the results of the other inaccurate account investigations.

**ANSWER:** In response to this Paragraph, Experian states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

88.   Defendant Trans Union willfully and/or negligently refused to properly reinvestigate Plaintiff's consumer report, even though Plaintiff disputed it.

**ANSWER:** In response to this Paragraph, Experian states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

89.   Defendant Trans Union willfully and/or negligently violated 15 U.S.C. § 1681e (b).

**ANSWER:** In response to this Paragraph, Experian states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

90.    Defendant Trans Union willfully and/or negligently violated 15 U.S.C. § 1681i(a)(1).

**ANSWER:** In response to this Paragraph, Experian states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

91.    Defendant Trans Union willfully and/or negligently violated 15 U.S.C. § 1681i (a)(4).

**ANSWER:** In response to this Paragraph, Experian states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

92.    Defendant Trans Union negligently and/or willfully failed to properly consider and give due weight to all relevant information submitted by Plaintiff in the course of the reinvestigation, in violation of the FCRA, 15 U.S.C. § 1681 (a)(4).

**ANSWER:** In response to this Paragraph, Experian states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

93.    Defendant Trans Union willfully and/or negligently violated 15 U.S.C. § 1681i (a)(5).

**ANSWER:** In response to this Paragraph, Experian states that it is without knowledge or information sufficient to form a belief as to the truth of the

allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

94.     Defendant Trans Union has negligently and/or willfully failed to conduct a proper reinvestigation of the trade lines in violation of the FCRA, 15 U.S.C. §§ 1681i, 1681(n) and/or 1681(o).

**ANSWER:** In response to this Paragraph, Experian states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

95.     Defendant Trans Union's actions in violating the FCRA constituted negligent and/or willful noncompliance with the FCRA and entitles Plaintiff to actual damages, statutory damages, and attorney's fees and costs as enumerated in 15 U.S.C. §§ 1681n and/or 1681o.

**ANSWER:** In response to this Paragraph, Experian states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

96.     Defendant Trans Union's conduct was a direct and proximate cause, as well as a substantial factor, in causing serious injuries, damages and harm to Plaintiff as stated herein, and as a result, Defendant Trans Union is liable to compensate Plaintiff for the full amount of statutory and actual damages, along with attorney's fees and costs, as well as such other relief as permitted by law.

**ANSWER:** In response to this Paragraph, Experian states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

97.     Additionally, the court may award punitive damages under 15 U.S.C. § 1681n.  Plaintiff will seek to amend the Complaint to seek same if discovery shows punitive damages may be proper.

**ANSWER:**  In response to this Paragraph, Experian admits only that a court may award punitive damages under 15 U.S.C. § 1681n. With respect to the remaining allegations, Experian states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

**WHEREFORE,** Plaintiff prays that the Court grant the following relief in favor of Plaintiff and against Defendant TRANS UNION:

- For actual damages;

- For compensatory damages;

- For statutory damages;

- For attorney's fees and costs incurred in this action;

- For an Order directing that Defendant immediately delete all of the inaccurate information from Plaintiffs credit reports and files and cease reporting the inaccurate information to any and all persons and entities to whom they report consumer credit information; and;

- For such other and further relief as the Court may deem just and proper.

**ANSWER:** In response to this Paragraph, Experian states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

**COUNT IV**
**CLAIMS AGAINST DEFENDANT PHH MORTGAGE CORPORATION**
**FOR VIOLATIONS OF THE FCRA**
**15 U.S.C. § 1681 *et seq.***

98.     Plaintiff incorporates Paragraph 1-61 above as if fully stated herein.

**ANSWER:**  In response to this Paragraph, Experian incorporates by reference its responses to the above paragraphs as though fully restated herein.

99.     Defendant PHH has willfully and/or negligently violated the provisions of the FCRA by willfully and/or negligently failing to comport with FCRA, 15 U.S.C. § 1681s-2(b).

**ANSWER:**  Experian states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

100.    Specifically, PHH violated 15 U.S.C. § 1681s-2(b) by failing to conduct a reasonable investigation of disputed information, by failing to review all relevant information provided by the consumer reporting agency, by failing to review Plaintiff's dispute letter, and its own entire file as part of such investigation, by failing to accurately communicate the results of its investigation to the consumer reporting agencies, by verifying inaccurate or incomplete information to a consumer reporting agency as part of a reinvestigation of such information disputed by Plaintiff and/or by verifying and continuing to report inaccurate information after notice and confirmation of those errors.

**ANSWER:** In response to this Paragraph, Experian states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

101.   Further, PHH violated 15 U.S.C. § 1681s-2(b) by failing to promptly modify, delete or permanently block information disputed by Plaintiff which it knew or reasonably should have known was inaccurate, obsolete and/or incomplete.

**ANSWER:** In response to this Paragraph, Experian states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

102.   Following the reinvestigation by PHH, who failed to notify the consumer reporting agencies to whom it reported credit information that the account information was disputed, in violation of the FCRA, 15 U.S.C. §§ 1681s-2(b) the general duties implied to all conduct of furnishers under 15 U.S.C. § 1681s-2(a)(3).

**ANSWER:** In response to this Paragraph, Experian states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

103.   PHH's reinvestigation was not conducted in good faith.

**ANSWER:** In response to this Paragraph, Experian states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

104.   PHH's reinvestigation was not conducted reasonably.

**ANSWER:** In response to this Paragraph, Experian states that it is without knowledge or information sufficient to form a belief as to the truth of the

allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

105.   PHH's reinvestigation was not conducted using all information reasonably available to the Defendant.

**ANSWER:** In response to this Paragraph, Experian states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

106.   PHH's reinvestigation was *per se* deficient by reason of these failures in its reinvestigation of the trade line on Plaintiff's consumer report in light of previous dispute, bankruptcy, and its own internal investigations from other credit bureaus' ACDVs responses.

**ANSWER:** In response to this Paragraph, Experian states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

107.   PHH's actions in violating the FCRA, 15 U.S.C. § 1681s-2(b) constituted willful and/or negligent noncompliance with the FCRA, and entitles Plaintiff to actual damages enumerated **in** 15 U.S.C. § 1681o and/or 15 U.S.C. § 1681n.

**ANSWER:** In response to this Paragraph, Experian states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

108.   Defendant has violated 15 U.S.C. § 1681s-2(a)(l)(A) ("A person shall not furnish any information relating to a consumer to any consumer reporting

agency if the person knows or has reasonable cause to believe that the information is inaccurate").

**ANSWER:** In response to this Paragraph, Experian states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

109.    Despite having recognized multiple dispute forms from the credit bureaus, Defendant **still continued to report inaccurate and harmful information** in violation of 15 U.S.C. § 1681s-2(a)(**1**)(A).

**ANSWER:** In response to this Paragraph, Experian states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

110.    As a result of PHH's conduct, actions, and inactions, Plaintiff has suffered emotional distress, humiliation, mental anguish and damages to his creditworthiness and failure to obtain credit.

**ANSWER:** In response to this Paragraph, Experian states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

111.    PHH's conduct, action and inaction as willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.  In the alternative, it was negligent entitling Plaintiff to recover actual damages under 15 USC§ 1681o.

**ANSWER:** In response to this Paragraph, Experian states that it is without knowledge or information sufficient to form a belief as to the truth of the

allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

112. Plaintiff is entitled to recover costs and attorney fees from Defendant PHH in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and/or §1681o.

**ANSWER:** In response to this Paragraph, Experian states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

**WHEREFORE,** Plaintiff prays that the Court grant the following relief in favor of Plaintiff and against PHH:

- For actual damages;

- For compensatory damages;

- For statutory damages;

- For punitive damages;

- For attorney's fees and costs incurred in this action;

- For an Order directing that Defendant immediately delete all of the inaccurate information from Plaintiff's credit reports and files and cease reporting the inaccurate information to any and all persons and entities to whom they report consumer credit information; and

- For such other and further relief as the Court may deem just and proper.

**ANSWER:** In response to this Paragraph, Experian states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

**TRIAL BY JURY**

Plaintiff, CORNELL BRUNSON, SR., is entitled to and hereby respectfully demands a trial by jury on all issues so triable.

**ANSWER:** Experian admits that Plaintiff has demanded trial by jury on all issues triable.

**AFFIRMATIVE DEFENSES**

In further response to Plaintiff's Amended Complaint, Experian hereby asserts the following affirmative defenses, without conceding that it bears the burden of persuasion as to any of them.

**FIRST AFFIRMATIVE DEFENSE**
**(TRUTH/ACCURACY OF INFORMATION)**

All claims against Experian are barred because all information Experian communicated to any third person regarding Plaintiff was true.

**SECOND AFFIRMATIVE DEFENSE**
**(FAILURE TO MITIGATE DAMAGES)**

Plaintiff has failed to mitigate his damages.

**THIRD AFFIRMATIVE DEFENSE**
**(LACHES)**

The Complaint and each claim for relief therein are barred by laches.

**FOURTH AFFIRMATIVE DEFENSE**
**(CONTRIBUTORY/COMPARATIVE FAULT)**

Experian is informed and believes and thereon alleges that any alleged damages sustained by Plaintiff were, at least in part, caused by the actions of Plaintiff and/or third parties and resulted from Plaintiff's or third parties' own negligence which equaled or exceeded any alleged negligence or wrongdoing by

Experian.

## FIFTH AFFIRMATIVE DEFENSE
## (ESTOPPEL)

Any damages that Plaintiff may have suffered, which Experian continues to deny, were the direct and proximate result of the conduct of Plaintiff.  Therefore, Plaintiff is estopped and barred from recovery of any damages.

## SIXTH AFFIRMATIVE DEFENSE
## (COMPLIANCE WITH LEGAL REQUIREMENTS)

Experian maintains and follows extensive policies and procedures to ensure the maximum possible accuracy of consumer credit files, reports, and disclosures. Included in these policies and procedures are mechanisms to ensure that Experian reports accurate information and conducts reasonable reinvestigations within the meaning of the FCRA.  Experian has at all times complied with all applicable statutory, regulatory, and common law requirements, and accordingly, Plaintiff's claims are barred by Experian's compliance with all applicable State, Federal, and local laws and regulations.

## PRAYER FOR RELIEF

WHEREFORE, Defendant Experian Information Solutions, Inc. prays as follows:

(1)    That Plaintiff take nothing by virtue of the Complaint and that this action be dismissed in its entirety;

(2)    For costs of suit and attorneys' fees incurred; and

(3)    For such other and further relief as the Court may deem just and proper.

Dated: February 14, 2021

/s/ *Maria H. Ruiz*
Maria H. Ruiz
Florida Bar No. 182923
KASOWITZ BENSON TORRES LLP
1441 Brickell Avenue, Suite 1420
Miami, FL  33131
Telephone:  (786) 587-1044
Facsimile:  (305) 675-2601
MRuiz@Kasowitz.com

**Attorney for Defendant Experian**
**Information Solutions, Inc.**