UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CORNELL WADE BRUNSON, SR.,

    Plaintiff,

vs.                                              Case No. 3:22-cv-00127-BJD-MCR

PHH MORTGAGE CORPORATION,
and EXPERIAN INFORMATION
SOLUTIONS, INC.,

    Defendants.
_____/

**DEFENDANT PHH MORTGAGE CORPORATION'S
MOTION FOR PROTECTIVE ORDER**

Defendant PHH Mortgage Corporation ("PHH MC"), by and through undersigned counsel and pursuant to Fed. R. Civ. P. 26(c), hereby moves for entry of a protective order as to the deposition of non-party Samar Tareen ("Tareen"), noticed for August 3, 2022. In support thereof, PHH MC states:

**INTRODUCTION**

This action involves claims by Plaintiff Cornell Wade Brunson, Sr. ("Plaintiff") that PHH MC allegedly violated the Florida Consumer Collection Practices Act ("FCCPA") and Fair Credit Reporting Act ("FCRA") by reporting certain information about Plaintiff's mortgage loan to consumer reporting agencies. Despite obtaining written discovery and conducting a full and complete deposition of PHH MC's corporate representative about the alleged credit reporting, Plaintiff served a notice of deposition for non-party Tareen, an employee in PHH MC's credit reporting

department in India. Plaintiff, however, did not serve any subpoena for deposition and refuses to withdraw the notice of deposition after being advised on multiple occasions that PHH MC would not voluntarily produce Tareen for deposition. As a result, PHH MC has no choice but to file the instant motion seeking a protective order for the deposition noticed for August 3, 2022.

## BACKGROUND

On April 8, 2021, Plaintiff commenced the instant action in the Circuit Court of the Fourth Judicial Circuit in and for Duval County, Florida by filing a Complaint asserting a single claim against PHH MC for violation of the FCCPA. On June 4, 2021, PHH MC moved to dismiss the Complaint. During the pendency of PHH MC's motion to dismiss and while the parties were engaged in substantive settlement discussions, Plaintiff sent a dispute of information reported by PHH MC about Plaintiff's mortgage loan to consumer reporting agencies.

On November 23, 2021, Plaintiff filed an Amended Complaint that added claims for alleged violations of the FCRA against PHH MC, Experian Information Solutions, Inc. ("Experian"), and Trans Union, LLC ("Trans Union"). On December 13, 2021, PHH MC filed its Answer and Affirmative Defenses to the Amended Complaint. On February 7, 2022, Experian removed the instant action to this Court.

In April 2022, during discovery in this matter, PHH MC served responses to interrogatories identifying non-party Tareen as the PHH MC employee who submitted an Automated Credit Dispute Verification in connection with Plaintiff's credit reporting dispute. When Plaintiff's counsel thereafter asked for dates for the deposition

2

of Tareen, PHH MC's counsel responded that PHH MC would not agree to voluntarily produce non-party Tareen for deposition.

Approximately two months later on June 3, 2022, Plaintiff served a notice of deposition purporting to set the deposition of non-party Tareen for July 11, 2022. Because PHH MC's counsel was absent from the State of Florida on July 11 and then tested positive for COVID-19 upon her return, Plaintiff served amended notices purporting to set Tareen's deposition for July 25 and then August 3. At no time did Plaintiff ask PHH MC to accept service of a subpoena for Tareen or attempt to serve a subpoena on Tareen directly. Instead, Plaintiff's counsel asked that PHH MC reconsider its decision not to voluntarily produce Tareen for deposition.

On June 22, 2022, Plaintiff's counsel conducted a full and complete deposition of PHH MC's corporate representative, including questions about PHH MC's credit reporting process and Plaintiff's August 2021 credit dispute. After receiving and reviewing the transcript of that deposition, PHH MC's counsel advised Plaintiff's counsel on July 28, 2022 that PHH MC stood by its decision not to voluntarily produce Tareen for deposition. PHH MC's counsel further advised that they were not authorized to accept service of a subpoena on behalf of Tareen.

On July 28 and again on August 1, PHH MC asked that Plaintiff withdraw the notice of deposition for Tareen until such time that a subpoena was properly served, and a deposition date and time agreed upon by the parties and Tareen. Plaintiff's counsel did not respond to these requests or withdraw the notice.

## MEMORANDUM OF LAW

I.     **THE LEGAL STANDARD FOR PROTECTIVE ORDERS.**

Fed. R. Civ. P. 26(c) (2022). Federal Rule of Civil Procedure 26(c) permits "[a] party or person from whom discovery is sought may move for a protective order … The Court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c) (2022). This Rule gives the Court discretionary power to fashion a protective order that may specify the terms for particular discovery or forbid it entirely. *See Goines v. Lee Memorial Health System*, No. 2:17-cv-656-FtM-29CM, 2018 WL 3831169 *1, 3 (M.D. Fla. Aug. 3, 2018).

As outlined below, good cause exists for issuance of a protective order as to the deposition of Tareen.

II.     **PLAINTIFF DID NOT SERVE ANY SUBPOENA FOR TAREEN'S DEPOSITION.**

"Only a party to litigation may be compelled to give deposition testimony pursuant to a notice of deposition." *Karakis v. Foreva Jens Inc.*, No. 08-61470-CIV, 2009 WL 113456 *1 (S.D. Fla. Jan. 19, 2009). As a result, "[n]o subpoena is necessary to require officers, directors or managing agents of a corporate party to attend a deposition." *See also McMahon v. Presidential Airways, Inc.*, No. 6:05-cv-1002-Orl-28JGG, 2006 WL 5359797 *1 (M.D. Fla. Jan. 18, 2006). A subordinate employee, however, must be subpoenaed for deposition if the corporate party does not agree to produce them voluntarily. *Id.*

Here, PHH MC, through its counsel, advised Plaintiff on more than one occasion that it would not agree to voluntarily produce Tareen for deposition. On July 29, 2022, PHH MC's counsel confirmed to Plaintiff's counsel that Tareen was not an officer, director or managing agent of PHH MC. Despite this knowledge, Plaintiff has not served Tareen with a subpoena for deposition or withdrawn the notice of deposition.

Plaintiff's purported notice of deposition is a nullity and cannot be used to compel Tareen to attend a deposition on August 3, 2022. *See e.g., Karakis*, 2009 WL 113456 at \*1-2 (holding that plaintiff's effort to depose non-party experts through a notice of deposition rather than a subpoena was improper); *McMahon*, 2006 WL 5359797 at \* 1 (denying motion to compel deposition of subordinate employee who was not served with a subpoena).  Nonetheless, Plaintiff first failed to respond to PHH MC's requests to withdraw the notice of deposition and then refused withdrawn the notice.

As a result, PHH MC has no choice but to seek entry of a protective order so that it does not waste additional time and resources addressing Plaintiff's failure to abide by applicable procedural rules.

**WHEREFORE**, Defendant PHH Mortgage Corporation respectfully requests this Court to enter an order granting this motion, finding that PHH MC and the non-party witness Samar Tareen do not need to appear on August 3, 2022, awarding PHH MC the fees and costs it incurred in filing the instant motion pursuant to Fed. R. Civ. P. 45(c)(3), and granting such other and further relief as the Court deems appropriate.

5

## **LOCAL RULE 3.01(G) CERTIFICATION**

Pursuant to Local Rule 3.01(g), PHH MC, through its counsel, conferred with Max Story, counsel for Plaintiff, who does not agree to the relief requested herein.

Respectfully submitted,

By: /s/ *Linda M. Reck*
Linda M. Reck, Esq.
Florida Bar No. 669474
**GREENBERG TRAURIG, P.A.**
450 South Orange Avenue, Suite 650
Orlando, FL 32801
Telephone: (407) 420-1000
Facsimile: (407) 420-5909
*reckl@gtlaw.com*
*culpepperd@gtlaw.com*
*flservice@gtlaw.com*

Patrick G. Broderick, Esq.
Florida Bar No. 88568
**GREENBERG TRAURIG, P.A.**
777 S. Flagler Drive, Suite 300 East
West Palm Beach, FL 33401
Telephone: (561) 650-7915
Facsimile: (561) 655-6222
*broderickp@gtlaw.com*
*FLService@gtlaw.com*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 2, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic service to: Max Story, Esq. (max@storylawgroup.com) and Austin J. Griffin, Esq. (austin@storylawgroup.com), Max Story, P.A., 328 2nd Avenue North, Suite 100, Jacksonville Beach, Florida 32250; and Maria H. Ruiz, Esq. (mruiz@kasowitz.com), Kasowitz Benson Torres LLP, 1441 Brickell Avenue, Suite 1420, Miami, Florida 33131.

By: /s/ Linda M. Reck

ACTIVE 681112902v1