UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CORNELL WADE BRUNSON, SR.,

    Plaintiff,

v.                                                CASE NO. 3:22-cv-127-BJD-MCR

PHH MORTGAGE CORPORATION,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court on Defendant PHH Mortgage Corporation's Motion for Protective Order ("Motion for Protective Order") (Doc. 24), Plaintiff's Response thereto (Doc. 27), and Defendant's Motion for Leave to File Reply to Plaintiff's Response to the Motion for Protective Order ("Motion for Reply") (Doc. 30). For the reasons that follow, both Motions are due to be **DENIED**.[1]

---

[1] Defendant seeks leave to file a reply, limited to seven pages, to litigate its Motion for Protective Order "fully and fairly" and to address specific issues raised by Plaintiff's Response and notices. (Doc. 30 at 2 ("First, PHH would like to respond to the relevancy and merit of Plaintiff's argument as to the deposition of PHH's corporate representative. Second, PHH would like to respond and proffer corrected facts related to Plaintiff's argument that Samar Tareen is a managing agent of PHH and specifically address the case law cited by Plaintiff.").) Although Plaintiff objects to the relief sought in the Motion for Reply (*see* Doc. 31 at 2), Plaintiff has not responded to that Motion.

    Because a reply is not necessary for the Court to rule on the Motion for Protective Order, the Motion for Reply is due to be denied. Specifically, the Court has reviewed the deposition transcript of PHH's corporate representative and the

## I.   Background

On April 8, 2021, Plaintiff filed this action in state court against Defendant PHH Mortgage Corporation ("PHH"), alleging violations of the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.55, *et seq*. (Doc. 1-2.) On November 23, 2021, Plaintiff filed an Amended Complaint against PHH, Experian Information Solutions, Inc. ("Experian"), and Trans Union, LLC ("Trans Union"), alleging violations of the FCCPA and the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*. (Doc. 1-3; Doc. 7.) On December 13, 2021, PHH answered the Amended Complaint and raised a number of affirmative defenses. (Doc. 1-4; Doc. 8.) After removing this action to this Court on February 7, 2022, Experian filed its Answer and Affirmative Defenses to the Amended Complaint on February 14, 2022. (Docs. 1, 10.) On April 8, 2022, this case was dismissed with prejudice as to Trans Union on Plaintiff's notice of voluntary dismissal. (Doc. 15.) On June 17, 2022, the case was dismissed with prejudice as to Experian on the parties' joint stipulation. (Doc. 22.)

---

relevant law. Further, PHH apparently anticipated Plaintiff's argument that Mr. Tareen is a managing agent, because in the Motion for Protective Order, Defendant expressly stated, albeit in a conclusory fashion, that Mr. Tareen was not a managing agent of PHH. Defendant had an opportunity to elaborate why Mr. Tareen was not a managing agent, to address the corporate representative's deposition testimony, and to set forth the relevant law in its Motion for Protective Order. Therefore, a reply is not necessary for Defendant to litigate its Motion for Protective Order "fully and fairly." (Doc. 30 at 2.)

On August 2, 2022, PHH filed the present Motion for Protective Order, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, seeking a protective order as to the deposition of Samar Tareen,[2] a non-party to this action who is employed at PHH's credit reporting department in India. (Doc. 24.) Because the deposition was noticed for August 3, 2022, the Court took the Motion for Protective Order under advisement on August 3, 2022, directed Plaintiff to file a response no later than August 17, 2022, and stayed any third-party discovery that Plaintiff might have obtained from Mr. Tareen until resolution of the Motion for Protective Order. (Doc. 25.)

In the Motion for Protective Order, PHH advises that Plaintiff did not serve a subpoena for Mr. Tareen's deposition and refused to withdraw the notice of deposition despite being informed on multiple occasions that PHH would not voluntarily produce the non-party for a deposition. (Doc. 24 at 2.) PHH explains:

> On June 22, 2022, Plaintiff's counsel conducted a full and complete deposition of [PHH's] corporate representative, including questions about [PHH's] credit reporting process and Plaintiff's August 2021 credit dispute. After receiving and reviewing the transcript of that deposition, [PHH's] counsel advised Plaintiff's counsel on July 28, 2022 that [PHH] stood by its decision not to voluntarily produce Tareen for deposition. [PHH's] counsel further advised that they were not authorized to

---

[2] Mr. Tareen was first identified in April 2022 in PHH's responses to Plaintiff's interrogatories as the employee who submitted an Automated Credit Dispute Verification ("ACDV") in connection with Plaintiff's credit reporting dispute. (Doc. 24 at 2.)

3

> accept service of a subpoena on behalf of Tareen.
>
> On July 28 and again on August 1, [PHH] asked that Plaintiff withdraw the notice of deposition for Tareen until such time that a subpoena was properly served, and a deposition date and time agreed upon by the parties and Tareen. Plaintiff's counsel did not respond to these requests or withdraw the notice.
>
> . . .
>
> On July 29, 2022, [PHH's] counsel confirmed to Plaintiff's counsel that Tareen was not an officer, director or managing agent of [PHH]. Despite this knowledge, Plaintiff has not served Tareen with a subpoena for deposition or withdrawn the notice of deposition.
>
> Plaintiff's purported notice of deposition is a nullity and cannot be used to compel Tareen to attend a deposition on August 3, 2022.

(*Id.* at 3, 5.) Based on the foregoing, PHH argues good cause exists for the issuance of a protective order as to Mr. Tareen's deposition.[3] (*Id.* at 4.)

Plaintiff responds that "PHH has repeatedly delayed and obstructed discovery over the course of this case" and its corporate representative's deposition only went forward on the fifth notice of deposition. (Doc. 27 at 3.) Moreover, Plaintiff argues that PHH's corporate representative, Gina Feezer, had no knowledge of the credit reporting process, the investigation of Plaintiff's consumer reporting disputes, the name of the employee associated with the file, and even had no access to e-Oscar while working for PHH. (*Id.*

---

[3] PHH also seeks to recover its fees and costs incurred in filing the instant Motion for Protective Order pursuant to Fed.R.Civ.P. 45(c)(3). (Doc. 24 at 5.)

4

at 3-4, 7.)  As a result, Plaintiff attempted to coordinate Mr. Tareen's deposition, as the employee who actually conducted Plaintiff's investigation and verified the ACDV response.[4] (*Id.* at 5.)

According to Plaintiff, Mr. Tareen's deposition should proceed because he is a managing agent under the control of PHH. (*Id.* at 6.)  Plaintiff states that it is necessary to depose Mr. Tareen as "an acting agent on Mr. Brunson's file who completed the investigation of Plaintiff's credit dispute" and as the only person who has the relevant information about how he handled the credit dispute. (*Id.* at 7.)  Plaintiff explains:

> Mr. Tareen is a managing agent for PHH.  He is the employee who actually responded to Plaintiff's . . . dispute on behalf of Defendant PHH – he has the specific, relevant testimony for this case.  . . .  Mr. Tareen was the employee who investigated Plaintiff's dispute on August 20, 2021 and found the credit reporting to be accurate.  Therefore, Mr. Tareen is a managing agent as he has the testimony sought in relation to the credit reporting dispute.
>
> Mr. Tareen also has knowledge of the reality of PHH's dispute process, instead of the official policies and procedures.  His position also allows him the opportunity to work "in the trenches" with the credit dispute process and would allow Plaintiff to cross-examine the Defendant's official procedures.
>
> In addition, Mr. Tareen meets many of the managing agent factors: 1) he is invested with powers by PHH to make decisions on credit investigations, such as the one done for Mr. Brunson; 2) he is an active employee of PHH and as a managing agent, should be relied up on PHH to give testimony; 3) he is employed

---

[4] There were five attempts to notice Mr. Tareen's deposition before it was finally noticed for August 3, 2022.  (Doc. 27 at 5.)

5

> by the corporate employer in a position designated in the area regarding which information is sought by the examination; 4) Mr. Tareen's responsibilities involve matters related to this investigation . . . ; and 5) he can be expected to identify with the interests of the corporation as an active employee for PHH.

(*Id.* at 10.)

## II.  Standard

Matters of discovery and evidence are committed to the discretion of the district court. *Wu v. Thomas*, 996 F.2d 271, 275 (11th Cir. 1993); *Lee v. Etowah Cnty. Bd. of Educ.*, 963 F.2d 1416, 1420 (11th Cir. 1992). The rules "strongly favor full discovery whenever possible." *Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1543, 1547 (11th Cir. 1985). "The discovery process is designed to fully inform the parties of the relevant facts involved in their case." *United States v. Pepper's Steel & Alloys, Inc.*, 132 F.R.D. 695, 698 (S.D. Fla. 1990) (citing *Hickman v. Taylor*, 329 U.S. 495, 501 (1947)). "The overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and just result." *Oliver v. City of Orlando*, No. 6:06-cv-1671-Orl-31DAB, 2007 WL 3232227, at *1 (M.D. Fla. Oct. 31, 2007) (citing *United States v. Procter & Gamble Co.*, 356 U.S. 677, 682 (1958)). "Discovery in this district should be practiced with a spirit of cooperation and civility." Middle District Discovery (2021) at

Section I(A)(1).[5]

> The scope of discovery is governed by Rule 26(b)(1), which provides:
>
> The parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed.R.Civ.P. 26(b)(1). However, the court, on motion or on its own, "must limit the frequency or extent of discovery," if "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive" or "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action." Fed.R.Civ.P. 26(b)(2)(C)(i)-(ii).

The court may issue a protective order on a showing of good cause "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including, *inter alia*, forbidding the discovery, specifying the terms or scope of the discovery, prescribing a method other than the one selected by the party seeking the discovery, or "requiring that a

---

[5] "If counsel resolve their differences and render a pending discovery motion moot, the moving party should immediately file a notice of withdrawal of the motion in order to avoid unnecessary judicial labor." Middle District Discovery (2021) at Section I(A)(5) (citing M.D. Fla. R. 3.09(a)).

trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Fed.R.Civ.P. 26(c)(1). "The party seeking a protective order has the burden to demonstrate good cause, and must make 'a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements' supporting the need for a protective order." *Auto-Owners Ins. Co. v. Southeast Floating Docks, Inc.*, 231 F.R.D. 426, 429-30 (M.D. Fla. 2005) (citing *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)). "A protective order which prohibits a deposition is rarely given." *LaJoie v. Pavcon, Inc.*, No. 97-312-CIV, 1998 WL 526784, *1 (M.D. Fla. June 24, 1998); *see also W. Peninsular Title Co. v. Palm Beach Cnty.*, 132 F.R.D. 301, 302 (S.D. Fla. 1990) ("Protective orders totally prohibiting a deposition are rarely granted absent extraordinary circumstances.") (citing *Salter v. Upjohn Co.*, 593 F.2d 649, 653 (5th Cir. 1979)).

"A party may, by oral questions, depose any person, including a party, without leave of court . . . ." Fed.R.Civ.P. 30(a)(1). A party may also depose "a public or private corporation, a partnership, an association, a governmental agency, or other entity." Fed.R.Civ.P. 30(b)(6). "The named organization must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf[.]" *Id.* "[A] party who wishes the deposition of a specific officer or agent of a

8

corporation may still obtain it and is not required to allow the corporation to decide for itself whose testimony the other party may have." *United States v. One Parcel of Real Estate at 5860 N. Bay Rd., Miami Beach, Fla.*, 121 F.R.D. 439, 440 (S.D. Fla. 1988) (internal quotations omitted). "However, the Rule 30(b)(6) procedure should be distinguished from the situation in which a party wants to take the deposition of a specific individual associated with the corporation or organization." *In re Willingham*, No. 3:11-bk-1002-JAF, 2014 WL 3697556, *3 (M.D. Fla. July 18, 2014) (citation omitted).

"A witness who is a party or party representative need not be subpoenaed for a deposition." *Id.* at *4 (citation omitted). However, a "corporation is responsible for producing its officers, managing agents, and directors if notice is given and sanctions may be imposed against the corporation if they fail to appear." *Id.* (citation omitted); *see also Botell v. United States*, No. 2:11-cv-1545 GEB GGH, 2013 WL 360410, *3 (E.D. Cal. Jan. 29, 2013) ("The significance of the determination that a deponent is an officer, director, or managing agent of a corporation or other organization that is a party to the suit is that Rule 37(d)(1) permits dismissal of the action, or entry of a default judgment, if such a deponent fails to appear for deposition after being served with a proper notice. It is also significant in determining the location of the proposed deposition.") (internal citations omitted). "Foreign nationals who qualify as managing agents or officers of a

party may be subject to deposition pursuant to a notice." *In re Willingham*, 2014 WL 3697556 at *4 (citation omitted).

"The determination of whether a person is a managing agent . . . is not formulaic; rather, it is a fact-specific inquiry." *Calixto v. Watson Bowman Acme Corp.*, No. 07-60077-CIV, 2008 WL 4487679, *2 (S.D. Fla. Sept. 29, 2008). Courts consider the following factors:

> (1) whether the individual has general power to exercise discretion in corporate matters;
> (2) whether he or she can be expected to testify at the employer's request;
> (3) whether there are persons within the corporation with greater authority regarding the information sought;
> (4) the general responsibilities of the individual regarding the matters under litigation; and
> (5) whether the witness identifies with the interests of the corporation.

*Procaps S.A. v. Patheon Inc.*, No. 12-24356-CIV, 2014 WL 352226, *3 (S.D. Fla. Jan. 30, 2014) (citation omitted). "Some courts have held that the fifth factor is the 'paramount test,' particularly where managing agent status is a 'close question.'" *In re: Takata Airbag Prods. Liab. Litig.*, No. 15-02599-MD-MORENO, 2017 WL 8812735, *3 (S.D. Fla. July 19, 2017).

"Whether a deponent is a managing agent does not depend on his or her job title, but is determined by examining the witness'[s] actual job responsibilities." *Procaps*, 2014 WL 352226 at *3 (citation omitted); *see also In re: Takata*, 2017 WL 8812735 at *3 (same); *Botell*, 2013 WL 360410 at *5

(stating that the appropriate inquiry is whether the employee's "duties and activities are closely linked with the events giving rise to the lawsuit"). In addition, courts "consider whether an employee is in the 'best position' to testify concerning the information sought." *In re: Takata*, 2017 WL 8812735 at *6; *Magdalena v. Toyota Motor Corp.*, No. 12-20661-CIV-LENARD/O'SULLIVAN, 2012 U.S. Dist. LEXIS 178666, *3 (S.D. Fla. Dec. 18, 2012) (finding that "the two employees in question would likely testify if asked to do so by the defendant, the two employees inspected the car in question and *are in the best position to testify as to what occurred at the inspection*, the two employees were in control of the inspection of the subject car, and the two employees have an identity of interests with the defendant") (emphasis added).

"'Although employees of a corporation may not be managing agents regarding their everyday duties, they may still be managing agents about their testimony concerning their important activities in the underlying facts' or where their activities are closely linked with events giving rise to the lawsuit." *In re: Takata*, 2017 WL 8812735 at *3; *Procaps*, 2014 WL 352226 at *3 (citation omitted); *Magdalena*, 2012 U.S. Dist. LEXIS 178666 at *3 ("Even if the employees are not managing agents of the defendant regarding their everyday duties with the defendant, the employees may still be managing agents regarding giving testimony about the inspection of the car

11

in this matter.").[6]

"The party seeking the deposition bears the burden of establishing that the person to be examined is in fact a managing agent." *Procaps*, 2014 WL 352226 at *3 (citation omitted). "This burden is a modest one, however, because discovery rules are interpreted liberally." *In re: Takata*, 2017 WL 8812735 at *3. "Thus, if an employee's status as a managing agent is a 'close question,' doubts are resolved in favor of the examining party, particularly when discovery on the issue is not complete." *Id.*; *Magdalena*, 2012 U.S. Dist. LEXIS 178666 at *3 (stating that "[c]lose questions regarding the status of an employee as a managing agent are to be resolved in favor of the party seeking the deposition, since the use of his or her testimony at trial can be resolved subsequently"). "'[A] determination that the witness is a managing agent may be made provisionally . . . while awaiting the deposition testimony before determining whether the witness is an agent for purposes of binding the corporation.'" *Calixto*, 2008 WL 4487679 at *2 (citations omitted). "The determination of whether the corporation is bound by the witness's testimony is left for trial." *In re: Takata*, 2017 WL 8812735 at *3; *see also Kolb v. A.H.*

---

[6] In *Magdalena*, the court found that "when an employee is assigned the task of conducting and inspecting a vehicle that is the subject of a lawsuit, that employee is a managing agent of the corporation, at least with regard to that inspection." *Magdalena v. Toyota Motor Corp.*, No. 12-20661-CIV-LENARD/O'SULLIVAN, 2012 U.S. Dist. LEXIS 178666, *4 (S.D. Fla. Dec. 18, 2012)

12

*Bull Steamship Co.*, 31 F.R.D. 252, 255 (E.D.N.Y. 1962) ("The question whether the deposition is one which binds or can be used against the corporation under Rule 26(d)(2) does not arise until it is offered in evidence at the trial.").

### III. Discussion

Here, the majority of factors seem to tip in favor of finding Mr. Tareen to be PHH's managing agent for purposes of discovery. *See Botell*, 2013 WL 360410 at *5 (stating that "it is not required that all factors work in favor of finding the proposed deponent to be a managing agent"). Specifically, as the employee who submitted an ACDV response in connection with Plaintiff's credit reporting dispute, Mr. Tareen can be expected to testify at PHH's request, to identify with the interests of PHH, and to be in the best position to testify regarding the investigation of Plaintiff's credit reporting dispute and ACDV response, which gave rise to this lawsuit. The Court is aware that Ms. Feezer, a senior loan analyst at Ocwen Financial Corporation, testified as PHH's corporate representative on June 22, 2022. (*See* Doc. 26-1 at 1-2.) However, Ms. Feezer testified that she had not personally spoken to any of the employees who handled Plaintiff's file or processed his credit dispute, she was not aware how much time was spent on each dispute, and it was Mr. Tareen who signed off on the ACDV response for Plaintiff's credit reporting dispute. (*Id.* at 5-6, 15.)

Thus, although Mr. Tareen may not be a managing agent regarding his everyday duties in general, he appears to qualify as a managing agent for testimony regarding the actual investigation and verification of Plaintiff's credit reporting dispute. *See Odsather v. Fay Servicing, LLC*, No. C18-0289-JCC, 2019 WL 11005500, *1-2 (W.D. Wash. Jan. 10, 2019) (finding Ms. Feliciano to be a managing agent for the purpose of a Rule 30(b)(1) deposition where, as an automated consumer dispute operator, she had discretion about how to communicate plaintiffs' debt information to the credit reporting agencies; her general responsibilities were highly relevant to the litigation even though she was not a manager or supervisor; defendant's first Rule 30(b)(6) witness could not provide specific answers about Ms. Feliciano's actions regarding her processing of plaintiffs' credit reporting disputes; and Ms. Feliciano and defendant did not share adverse interests, such that she could not be relied on to testify as a managing agent; but reserving ruling on whether Ms. Feliciano's testimony would ultimately bind defendant at trial); *Calderon v. Experian Info. Sols., Inc.*, 290 F.R.D. 508, 518-19 (D. Idaho 2013) (stating that even "accepting EIS's characterization of these employees as 'entry level,' the fact remains that they were the individuals who were charged with handling Plaintiff's disputes, and they are therefore the only people who might have information about what was actually done, as opposed to simply what Experian's policies and procedures theoretically required");

14

*Botell*, 2013 WL 360410 at *6 (stating that "although Mr. Eagan may not be a higher-up managing agent in the course of his everyday duties for defendant, he is a managing agent for the purpose of providing testimony regarding the LAVO trail condition in and around the time of the accident, which is extremely relevant to this litigation"); *Exim Brickell, LLC v. Bariven, S.A.*, No. 09-20915-CIV-GOLD/McAliley, 2010 WL 11465462, *2 (S.D. Fla. 2010) ("I find that because Kabboul and Zavatti were central to the matters at stake in this litigation, and their interests are sufficiently aligned with their former employer, Exim may take their depositions under Rule 30(b)(1) by giving notice to Defendant."); *see also Zurich Ins. Co. v. Essex Crane Rental Corp.*, No. 90 Civ. 2263 (SWK), 1991 WL 12133, *1-2 (S.D.N.Y. Jan. 29, 1991) (finding that all factors, except the first one, tip in favor of finding the witnesses to be managing agents for purposes of discovery and noting that "no one at Essex is in a better position to testify as to the events surrounding the accident" because they "were the only representatives of Essex with first-hand knowledge of the accident" and that their responsibilities were central to the issue in the litigation); *cf. In re: Takata*, 2017 WL 8812735 at *11 (disagreeing "with Honda's argument that a 'managing agent' must either be a high-level executive or, if lower-level, possess 'extensive and exclusive knowledge' about the central issue in the case."). Because any doubts about the managing agent status of Mr. Tareen at this stage of the proceedings

should be resolved in favor of the examining party and the question of whether PHH will be bound by its employee's testimony is left for trial, the Court finds that Plaintiff has met his modest burden to show that Mr. Tareen is a managing agent for purposes of discovery.

Accordingly, it is **ORDERED**:

1. The Motion for Protective Order (**Doc. 24**) and the Motion for Reply (**Doc. 30**) are **DENIED**.

2. The parties shall agree on a time and place for the deposition of Mr. Tareen to be held within thirty days of this Order.

**DONE AND ORDERED** at Jacksonville, Florida, on October 26, 2022.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record