UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CORNELL WADE BRUNSON, SR.,

    Plaintiff,

vs.                                         Case No. 3:22-cv-00127-BJD-MCR

PHH MORTGAGE CORPORATION,
and EXPERIAN INFORMATION
SOLUTIONS, INC.,

    Defendants.
_____/

**DEFENDANT'S OBJECTION TO ORDER DENYING MOTIONS FOR PROTECTIVE ORDER AND FOR LEAVE TO FILE REPLY**

Defendant PHH Mortgage Corporation ("PHH"), pursuant to Federal Rule of Civil Procedure 72(a), respectfully objects to the Order denying PHH's Motion for Protective Order and PHH's Motion for Reply issued by the Honorable United States Magistrate Judge Monte C. Richardson on October 26, 2022 (the "Order"), and states:

**INTRODUCTION**

The Order is based upon a fundamental misunderstanding of fact that PHH's counsel only discovered after reviewing the response filed by Plaintiff, and then attempted to correct by seeking leave to file a reply. Mr. Samar Tareen, the individual for whom a protective order was sought to prevent his deposition, is **not** employed by PHH. Mr. Tareen is an employee of Ocwen Financial Solutions Private Limited, a legal entity that is **separate and apart** from PHH. Although PHH expressly stated in its motion for leave to file a reply that it would "proffer corrected facts related to

Plaintiff's argument that Mr. Tareen is a managing agent of PHH," the Order denies that request and erroneously concludes that Mr. Tareen is a managing agent of PHH. Accordingly, PHH respectfully objects to and moves to set aside the Order.

## BRIEF PROCEDURAL BACKGROUND

On April 8, 2021, Plaintiff Cornell Wade Brunson, Sr. ("Plaintiff") commenced this action by filing a Complaint against PHH asserting a single claim for violation of the Florida Consumer Collection Practices Act ("FCCPA") based upon allegations that he received monthly mortgage statements during his bankruptcy proceedings. After PHH moved to dismiss the complaint and while the parties were engaged in substantive settlement discussions, Plaintiff disputed information about his mortgage that PHH reported to consumer reporting agencies. On November 23, 2021, Plaintiff filed an Amended Complaint that added a claim for violation of the Fair Credit Reporting Act ("FCRA") against PHH and two of the three consumer reporting agencies. The case was subsequently removed to this Court.

In April 2022, PHH identified Samar Tareen as someone who submitted an Automated Credit Dispute Verification ("ACDV") in connection with Plaintiff's credit reporting dispute. The interrogatory did not ask, and the response did not state, the entity by which Mr. Tareen was employed. Approximately two months later, Plaintiff served a notice purporting to set the deposition of Mr. Tareen. From the outset and continuing through the rescheduling of the deposition date, PHH's counsel advised that PHH would not produce Mr. Tareen for deposition. At no time did Plaintiff ask PHH to accept service of a subpoena directed to Mr. Tareen or attempt to serve Mr.

Tareen directly. Plaintiff thereafter did not respond to PHH's request to withdraw the notice of deposition until such time that a subpoena was properly served on Mr. Tareen.

On August 2, 2022, PHH filed a motion seeking entry of a protective order on the basis that Plaintiff failed to properly serve a subpoena for the deposition of Mr. Tareen, as a subordinate employee ("Motion for Protective Order"). *See* D.E. 24. On August 17, 2022, Plaintiff filed his Response to the Motion for Protective Order (the "Response"). Among other things, Plaintiff's Response argued that Mr. Tareen should be deemed a managing agent of PHH because he may have knowledge and testimony regarding the credit dispute at issue in this case. *See e.g.* D.E. 27, at pp. 10-11. As part of this argument, Plaintiff stated that Mr. Tareen met many of the managing agent factors, including being an active employee of PHH employed in a position within the area of information sought by the deposition. *Id.* at p. 10.

Only <u>after</u> reviewing and discussing the Response with PHH did PHH's counsel discover that Mr. Tareen is <u>not</u> employed by PHH and is employed by a wholly separate entity. As a result of this discovery and based on the arguments in the Response, PHH filed its Motion for Leave to File a Reply (the "Reply Motion"). *See* D.E. 30. PHH's Reply Motion expressly stated that "PHH would like to respond and proffer corrected facts related to Plaintiff's argument that Samar Tareen is a managing agent of PHH." *Id.* at ¶ 5. Pursuant to Local Rule 3.01(d), PHH and its counsel did

3

not include the proposed reply (*i.e.,* the corrected facts as to Mr. Tareen's employment status) in its Reply Motion.[1] Approximately two months later, the Order was issued.

## LEGAL ARGUMENT

It is well established that *only* a party to litigation may be compelled to give deposition testimony pursuant to a notice of deposition. *See Karakis v. Foreva Jens Inc.*, No. 08-61470-CIV, 2009 WL 113456 *1 (S.D. Fla. Jan. 19, 2009); *Critchlow v. Sterling Jewelers Inc.*, No. 8:18-cv-96-T-30JSS, 2019 WL 13062637 *1 (M.D. Fla. Jan. 7, 2019). It is not and cannot be disputed that neither Mr. Tareen nor his employer, Ocwen Financial Solutions Private Limited ("OFS Private"), is a party to this action. Similarly, it cannot be said that OFS Private and PHH are "sister corporations" or a mere alter ego for one another. To the contrary, OFS Private and PHH are owned by entirely different parent companies. PHH is wholly owned by PHH Corporation, a Maryland corporation, while OFS Private is owned by Ocwen Asia Holdings Ltd. I and Homeward Residential Mauritius Holdings Company, both of which are Mauritius companies. Ocwen Asia Holdings Ltd I is then wholly owned by Ocwen Luxembourg II S.a.r.l., a Luxembourg company. The only common – and attenuated – link is that PHH Corporation and Ocwen Luxembourg II S.a.r.l. are both wholly owned by Ocwen Financial Corporation. Such an attenuated link does not and cannot

---

[1] During the pendency of the Motion for Protective Order, PHH's counsel advised Plaintiff's counsel of the corrected facts – namely, that Mr. Tareen was and is not employed by PHH.

support any argument that PHH and OFS Private should be treated as the same entity for purposes of discovery or otherwise in this case.

For this reason and based on these facts, this case is entirely distinguishable from *Calderon v. Experian Info. Solutions, Inc.*, 287 F.R.D. 629 (D. Idaho 2012), a case in which a Magistrate Judge allowed the depositions of employees of a non-party Chilean company to proceed by notice because the defendant Experian Information Solutions, Inc. had acknowledged that the Chilean company was a sister corporation owned by the same parent and the court had previously found that the companies were "sufficiently linked" to treat them the same for discovery purposes. Instead, this case is like the numerous other cases where courts have rejected requests to compel a corporate party to produce employees of the party's foreign corporate affiliates for deposition upon a notice rather than subpoena. *See e.g., Prescott v. Livanova PLC*, No. 4:16-cv-00472-JAJ-SBJ, 2017 WL 9486194 (S.D. Iowa Mar. 24, 2017) (where the Magistrate Judge declined to expand the reach of a deposition notice because the court had not ruled that the two entities were "sufficient linked" to treat them the same for discovery purposes); *Ethypharm S.A. France v. Abbot Laboratories*, 271 F.R.D. 82 (D. Del. 2010) (denying motion to compel a corporate defendant to produce employees of its foreign subsidiary for deposition because the Fed. R. Civ. P. 30 "does not require a party to litigation to produce persons for deposition who are merely alleged to be in the party's control"); *Newmarkets Partners v. Oppenheim*, No. 08 Civ. 04213, 2009 WL 1447504 *1 (S.D. N.Y. May 22, 2009) (denying motion to compel a corporate defendant to produce an officer of its non-party corporate affiliate for deposition even

5

though the person appeared to be involved in the litigation); *In re Yazmin & Yaz*, No. 3:09-md-02100-DRH-PMF, 2011 WL 3759699 *1, 2 (S.D. Ill. 2010) (denying motion to compel defendant to produce non-employee Dutch national for deposition even though he possessed information about issues relevant to the litigation because the court was "not aware of any authority supporting the contention that a corporate defendant can be compelled to produce a non-employee for a deposition"); *E.E.O.C. v. Honda of Am. Mfg., Inc.*, No. 2:06-cv-0233, 2007 WL 682088 *1-3 (S.D. Ohio Feb. 28, 2007) (quashing deposition notices for defendant's former employees currently working for related Japanese corporation because there is no support for the conclusion that "simply because a witness works for a related corporation, that witness can both be deemed to be a managing agent of a different corporation and can be compelled to appear at a deposition through the service of a deposition notice on that corporation"). The same result should be reached in this case.

Because the Order is premised upon the understandable yet erroneous understanding that Mr. Tareen is employed by PHH, its conclusions based upon that understanding are also erroneous.[2] Neither the facts nor the law supports the notion that PHH should be compelled to produce for deposition a foreign individual whom it does not employ simply because that person works for a related foreign company and possesses relevant information. Instead, the Court should quash and set aside the

---

[2] PHH and its counsel apologize to the Court for the misunderstanding as to Mr. Tareen's employer. Had PHH's counsel known he was not employed by PHH, that fact would have been included in the initial Motion for Protective Order rather than seeking leave to file a reply.

Order so that Plaintiff can pursue the appropriate methods of securing Mr. Tareen's testimony – namely, service of a subpoena pursuant to the requirements of the Hague Convention.

**WHEREFORE**, Defendant PHH Mortgage Corporation respectfully requests this Court to enter an order quashing and setting aside the October 26, 2022 Order denying PHH's Motion for Protective Order and PHH's Motion for Reply issued by the Honorable United States Magistrate Judge Monte C. Richardson, finding that PHH is not required to produce non-party witness Samar Tareen for deposition, and granting such other and further relief as the Court deems appropriate.

Respectfully submitted,

By: /s/ *Linda M. Reck*
Linda M. Reck, Esq.
Florida Bar No. 669474
**GREENBERG TRAURIG, P.A.**
450 South Orange Avenue, Suite 650
Orlando, FL 32801
Telephone: (407) 420-1000
Facsimile: (407) 420-5909
*reckl@gtlaw.com*
*culpepperd@gtlaw.com*
*flservice@gtlaw.com*

Patrick G. Broderick, Esq.
Florida Bar No. 88568
**GREENBERG TRAURIG, P.A.**
777 S. Flagler Drive, Suite 300 East
West Palm Beach, FL 33401
Telephone: (561) 650-7915
Facsimile: (561) 655-6222
*broderickp@gtlaw.com*
*FLService@gtlaw.com*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 9, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic service to: Max Story, Esq. (max@storylawgroup.com) and Austin J. Griffin, Esq. (austin@storylawgroup.com), Max Story, P.A., 328 2nd Avenue North, Suite 100, Jacksonville Beach, Florida 32250.

By: /s/ Linda M. Reck

*ACTIVE 683188482v1*